IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NATHAN L. HILL, | ) | |
|     Petitioner, | ) | Civil Action No. 7:17cv00360 |
| | ) | |
| v. | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| BUREAU OF PRISONS, | ) | |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Nathan L. Hill, a federal inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his security level was increased without due process. After reviewing Hill's petition, the court concludes that it must be summarily dismissed without prejudice for failing to state a claim under § 2241.[1]

A habeas petition under § 2241 shall not issue to a federal prisoner unless the court concludes that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). The core of a habeas corpus action is a request to get out of jail immediately, or sooner than currently scheduled. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). "[C]onstitutional claims that merely challenge the conditions of a [federal] prisoner's confinement . . . fall outside of that core" and must be raised in a civil action, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas "requests for relief turning on circumstances of confinement may be presented" in a civil rights action); *Moore v. Driver*, No. 1:07cv166, 2008

---

[1] *See* Rules 1(b) and 4 of the Rules Governing Section 2254 Cases (allowing summary dismissal of habeas petitions when it is clear from the face of the submissions that petitioner is not entitled to relief).

U.S. Dist. LEXIS 85896, at *7, 2008 WL 4661478, at *3 (N.D. W. Va. Oct. 21, 2008) (a claim regarding custody classification cannot be raised in the context of a § 2241 petition).

In his § 2241 petition, Hill does not allege any ground on which he is entitled to a shorter term of confinement; rather, he asks the court to order that he be returned to a Federal Correctional Institution close to his hometown of Chicago. Because the core of his complaint is clearly not concerning the fact or duration of his incarceration, his claim is not properly before the court as a habeas claim under § 2241. Therefore, the court will dismiss Hill's habeas petition without prejudice for failing to state a claim upon which the requested relief can be granted.[2]

An appropriate order will be entered.

Entered: August 28, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[2] The court declines to construe Hill's petition as a complaint pursuant to *Bivens* because his allegations are insufficient to state a claim against any defendant. *See West v. Atkins*, 487 U.S. 42 (1988) (to state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law). Further, courts have long held that a prison inmate has no interest of constitutional magnitude in either his security classification or his place of confinement. *Olim v. Wakinekona*, 461 U.S. 238, 345-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). The court notes, however, that dismissal of this § 2241 petition is without prejudice to Hill's opportunity to file a *Bivens* action naming defendants and specifically describing how each defendant violated his federal rights.